Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7927 | **DATE** | 12/22/2011 |
| **CASE TITLE** | Triumph vs. Ward | | |

**DOCKET ENTRY TEXT**

The Court denies Defendant Ward's Motion for Turnover of Bond and Judgment Against Plaintiff Resulting From Wrongful Injunction [49] without prejudice. He may refile such motion consistent with the terms of the order by 1/11/12.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Defendant Scott Ward's Motion for Turnover of Bond and Judgment Against Plaintiff Resulting From Wrongful Injunction. For the following reasons, the Court denies Defendant's motion without prejudice.

### BACKGROUND

On November 8, 2011, Triumph filed a seven-count Complaint against Defendants Scott Ward, Vital-X Associates, LLC ("Vital-X"), Creative Design Products, Inc. ("CDP"), John Does, Jane Does and ABC Companies (collectively, "Defendants"), alleging the following claims: 1) actual and threatened misappropriation of trade secrets in violation of the Illinois Trade Secrets Act ("ITSA"), 765 ILCS 1065/1, *et seq.* against Defendant Ward; 2) violation of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* against all Defendants; 3) breach of fiduciary duty against Defendant Ward; 4) tortious interference with existing and prospective economic advantage against Defendants Ward, Vital-X and CDP; 5) civil conspiracy against all Defendants; 6) breach of contract against Defendant Ward; and 7) conversion against all Defendants. (R-1, Compl.)

| | Courtroom Deputy Initials: | KF |
|---|---|---|

On the same date, Triumph brought an emergency motion for a temporary restraining order and preliminary injunctive relief. The Honorable Matthew F. Kennelly, acting in his capacity as Emergency Judge, conducted a hearing on November 8, 2011, and granted Triumph's motion for a temporary restraining order on that same date. (R. 8; R. 9.) The Temporary Restraining Order ("TRO") enjoined Mr. Ward and all parties in active concert or participation with him, including Vital-X and CDP, from, among other things, 1) misappropriating, threatening to misappropriate, revealing or utilizing Triumph's trade secrets and other confidential information; 2) assuming a position with AGI World, Inc. ("AGI") or related companies that would require him to inevitably use or disclose Triumph's trade secrets and other confidential information; 3) using, disclosing, disseminating, revealing, misappropriating or threatening to misappropriate any of Triumph's confidential or proprietary information or trade secrets; 4) owning any interest in, managing, controlling, participating in, consulting with, rendering services for, or in any manner engaging in any business competing with Triumph's business, as such business existed or in the process of existing on September 20, 2011 within any geographical area in which Triumph engaged or has definitive plans to engage in such business; 5) either as an individual or for his own account, or as an officer, employee, agent or salesperson of any corporation, firm or other entity, directly or indirectly, whether or not for monetary benefit, soliciting or diverting any of Triumph's customers that were customers during the term of Mr. Ward's employment with Triumph; and 6) violating his Employment Agreement with Triumph. (R. 9.) Judge Kennelly, *sua sponte*, increased Triumph's required bond from Triumph's proposed amount of $1,000.00 to $10,000.00.

On November 13, 2011, Mr. Ward filed a motion to set a preliminary injunction hearing. (R. 13.) The Court held a preliminary injunction hearing on November 16, 2011 and November 28, 2011, during which the following witnesses testified: 1) Bart McGuinn, Human Resources Director at AGI North America, LLC ("AGI"); 2) Randy Cecola, Chief Executive Officer of Triumph; 3) Patrice Calmels, former Director of Operations at AGI; 4) Mark Caines, Chief Executive Officer of AGI; and 5) Defendant Scott Ward. At the close of the hearing, the parties each presented oral argument. The parties also filed written post-hearing submissions on November 29, 2011.

On December 2, 2011, the Court issued a Memorandum Opinion and Order denying Triumph's motion for a preliminary injunction and vacating the TRO. (R. 47.) On December 5, 2011, Mr. Ward filed a Motion for Turnover of Bond and Judgment against Triumph. (R. 49.) Triumph filed a written response on December 13, 2011. (R. 56.)

**LEGAL STANDARD**

In the Seventh Circuit, "a prevailing defendant is entitled to damages on the injunction bond unless there is a good reason for not requiring the plaintiff to pay in the particular case." *Coyne-Delany Co., Inc. v. Capital Dev. Bd. of State of Illinois*, 717 F.2d 385, 391 (7th Cir. 1983). Such a rule "makes the law more predictable and discourages the seeking of preliminary injunctions on flimsy (though not necessarily frivolous) grounds." *Id.* at 392. In deciding whether to award injunction damages, district courts are guided by the "implicit presumption" in Federal Rule of Civil Procedure ("Rule") 65(c) of awarding them. *Id.* Additionally, the court should consider, among other factors, the resources of the parties, the defendant's efforts or lack thereof to mitigate his damages, and the outcome of the underlying suit. *Id.* District courts may not deny costs and damages on an injunction bond on the grounds that the plaintiff brought the suit in good faith. *Id.*

The defendant has the burden of proving the amount of his damages. *See Mead Johnson & Co. v. Abbott Labs.*, 201 F.3d 883, 888 (7th Cir. 2000). A defendant cannot obtain damages over and above the injunction bond amount unless he can prove that the plaintiff acted in bad faith in obtaining the injunction. *Coyne-Delany*, 717 F.2d at 393-94; *see also qad inc. v. ALN Assocs., Inc.*, 781 F. Supp. 561, 562 (N.D. Ill. 1992).

# ANALYSIS

Mr. Ward seeks $12,115.38 in damages as a result of being "wrongfully restrained from working at AGI from November 9, 2011 through December 2, 2011." (R. 49 at 1.) He argues that Triumph's motion for a temporary restraining order was "baseless" and that it acted in bad faith in moving for a preliminary injunction by "failing to sufficiently investigate its claims and by making numerous false statements in its motion and [Triumph's Chief Executive Officer's] Declaration, which Judge Kennelly relied upon in granting the temporary restraining order." (*Id.* at 2.) Triumph objects to Mr. Ward's motion, arguing that it had a good faith basis to move for the TRO and a preliminary injunction based on the facts available at the time. (R. 56.) Triumph also contends that Mr. Ward failed to meet his burden of proving harm caused by the TRO. (*Id.*)

## I. Mr. Ward's Motion is Not Premature

Although neither party raised the issue of the timing of Mr. Ward's motion, the Court nevertheless considered it and finds that Mr. Ward's motion is not premature. The text of Rule 65(c) provides that a court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed.R.Civ.P. 65(c). "Rule 65(c)'s counterpart, Rule 65.1 . . . sets forth the procedures for obtaining relief through enforcement of a bond required or permitted by the Federal Rules of Civil Procedure." *Wabash Publ'g Co. v. Flanagan*, 89 C 1923, 1990 WL 19977, at *6 (N.D. Ill. Feb. 27, 1990). Pursuant to Rule 65.1, a principal may file a motion in the proceeding in which the injunction was issued to obtain relief. *Id.*; *see also Coyne-Delany*, 717 F.2d at 391 (Rule 65.1 applies to principal as well as surety).

A Rule 65.1 motion may not precede a final determination on the merits. *See Wabash Publ'g*, 1990 WL 19977, at *8, n.1 (citing 11 Wright & Miller, *Fed. Prac. and Proc.* § 2972 (1986)); *see also* 11A Wright & Miller, *Fed. Prac. and Proc.* § 2972 (2d ed. 2010) ("In the case of an injunction bond, the claim . . . does not accrue until it is finally determined that plaintiff was not entitled to the restraining order or injunction, or until something occurs that is the equivalent of a decision on this question."). "A final determination may take the form of a decree dismissing the suit, *a total or partial dissolution of the injunction, or the failure to carry the burden of proof at the hearing on the preliminary injunction*." 11A Wright & Miller, *Fed. Prac. and Proc.* § 2972 (2d ed. 2010) (emphasis added).

In the context of a temporary restraining order, a court's denial of a preliminary injunction and dissolution of the temporary restraining order, both of which occurred in this case, constitutes a final determination that the plaintiff has been wrongfully enjoined. *See, e.g, Wabash Publ'g*, 1990 WL 19977 at *8, n.1 (citing *Rocky Mountain Timber Corp. v. Fed. Ins. Co.*, 502 F. Supp. 433, 435 (D.C. Or. 1980); *Qualcomm, Inc. v. Motorola, Inc.*, 179 F.R.D. 580, 583-84 (S.D. Cal. 1998) and 185 F.R.D. 285, 287-88 (S.D. Cal. 1999).

The Court recognizes that, in the context of a preliminary injunction, courts have held that a final determination on the merits does not occur until after a trial or other adjudication on the merits of the controversy. *See*, *e.g.*, *Clark v. K-Mart Corp.*, 979 F.2d 965, 969 (3d Cir. 1992) ("It is settled that one can recover on an injunction bond only after a trial and final judgment on the merits."); *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1054-55 (2d Cir. 1990).[1] The Court, however, agrees with the *Qualcomm* court's

---

[1] *Cf. Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 314-15, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999) (noting that generally, if a court finds that the plaintiff is entitled to a permanent injunction, the earlier improper issuance of a preliminary

explanation for the distinction:

> A TRO is issued to preserve the status quo before a preliminary injunction hearing may be held. Generally, a TRO only remains in effect until the hearing on the preliminary injunction. In contrast, a preliminary injunction is a provisional remedy issued prior to final disposition of the litigation. . . . A TRO. . . has a purpose different than that of a preliminary injunction. As such, the definition of 'wrongfully restrained' should equate with the proper function of a TRO, rather than a preliminary injunction. When a court denies a preliminary injunction after it has granted a contested TRO, the restrained party has been 'wrongfully restrained,' given that a TRO is only intended to last until a preliminary injunction hearing is held.

185 F.R.D. at 287-88 (internal quotation marks and citations omitted). Because the Court denied Triumph's motion for a preliminary injunction and vacated the TRO on December 2, 2011, Mr. Ward's motion is not premature.

## II.  Mr. Ward Was Wrongfully Restrained

The Seventh Circuit has not squarely addressed the meaning of "wrongfully enjoined or restrained," but has held that there is a presumption in favor of awarding injunction bond damages to a "prevailing party" that is rebutted only by a showing of "good reason" not to award damages. *See Coyne-Delany*, 717 F.2d at 391.[2] In light of the Court's order denying Triumph's motion for a preliminary injunction and vacating the TRO, there can be no question that Mr. Ward is the "prevailing party."

Triumph's sole argument as to why it believes Mr. Ward was not wrongfully restrained is that it obtained the TRO in good faith after reasonable investigation of the facts available to it at the time. *See* R. 56 at 3-7, 9-10. The Court agrees with Triumph that it acted in good faith in pursuing its motions for a TRO or preliminary injunction. That fact, however, does not save Triumph from liability. *See Coyne-Delany*, 717 F.2d at 392 ("It is not sufficient reason for denying costs or damages on an injunction bond that the suit had . . . been brought in good faith."). Triumph did not raise any additional arguments as to why it believes Mr. Ward was not wrongfully restrained. Accordingly, Mr. Ward was wrongfully restrained as a result of the TRO within the meaning of Rule 65(c).

## III.  Mr. Ward Has Not Adequately Proven That He Is Entitled to the Damages He Seeks

Mr. Ward has the burden of proving the loss he suffered as a result of being wrongfully restrained. *See Mead Johnson*, 201 F.3d at 888. Mr. Ward asserts that he is entitled to damages in the amount of $12,115.38, representing earnings he lost as a result of his inability to work at AGI for a total of 18 days (the weekdays

---

injunction is harmless error).

[2]  Other courts have held that a party is wrongfully enjoined when it has been ordered to cease something it had a right to do. *See Nokia Corp. v. InterDigital, Inc.*, 645 F.3d 553, 559 (2d Cir. 2011) (citing cases); *Global Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 22 (1st Cir. 2007); *Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036, n.4 (9th Cir. 1994); *Slidell, Inc. v. Millennium Inorganic Chems., Inc.*, 460 F.3d 1047, 1059 (8th Cir. 2006).

between and including November 9, 2011 through December 2, 2011) due to the TRO.[3] (R. 49 at 2.) He calculated this amount based on 18 days of missed work based on his annual salary of $175,000.00 at AGI.

There are several shortcomings with respect to Mr. Ward's damages argument. First, as Triumph points out, the majority of the 12-day delay between the first and second days of the preliminary injunction hearing was due to Mr. Ward's counsel's vacation to Disneyworld during the week of November 21.[4] His counsel informed the Court that he had a Disneyworld vacation scheduled with his family, and the Court agreed not to schedule the second day of the injunction hearing until after his return. Indeed, at the end of the first day of the preliminary injunction hearing on November 16, the Court discussed scheduling issues with the parties and advised them that they could proceed with the second day of the hearing on November 21. The Court provisionally set the hearing for that date, but allowed the parties the option of continuing the hearing to the following week by agreement (R. 28), which they did. (R. 29.) The second day of the preliminary injunction hearing took place on November 28, 2011 – one full week after November 21, 2011. Mr. Ward is not entitled to damages based on the missed work days during that week because that delay was of his own making. *See Coyne-Delany*, 717 F.2d at 392 ("A good reason for not awarding [injunction bond] damages would be that the defendant had failed to mitigate damages."); *see also Apul Fruitconsult AG v. Amodess J.V.*, No. CV-97-3951, 1997 WL 777935, at *4 (E.D.N.Y. Oct. 17, 1997) (recognizing that a "failure to mitigate might be found in a defendant's delay of a hearing on a motion for a preliminary injunction, thus prolonging the effective period of a temporary restraining order") (quoting *Intercapital Debt Trading Ltd. v. Carbon Fitzgerald Inc.*, No. 94 CIV 9275, 1996 WL 167820, at *2 (S.D.N.Y. Apr. 10, 1996)).[5] Second, Mr. Ward testified during the preliminary injunction hearing that AGI paid him for four days of work. As such, he is not entitled to recover for those days.

Finally, Mr. Ward has not sufficiently proved the amount of his damages. "Although proof of damages on an injunction bond need not . . . be to a mathematical certainty, a damages award cannot be speculative." *Latuszewski v. VALIC Fin. Advisors, Inc.*, 393 Fed. Appx. 962, 966-67 (3d Cir. 2010) (internal quotation marks and citations omitted); *see also* 11A Wright & Miller, *Fed. Prac. and Proc.* § 2973 (2d ed. 2010) ("A wrongfully enjoined defendant must establish what damages were proximately caused by the erroneously issued injunction in order to recover and the alleged damages cannot be speculative."). Although Mr. McGuinn testified during the preliminary injunction hearing that Mr. Ward's salary at AGI is $175,000.00, and Mr. Ward testified that AGI paid him for only four days of work, it is unclear whether AGI subsequently paid or will pay Mr. Ward for the missed days due to his success on Triumph's motion for a preliminary injunction or otherwise. Moreover, Mr. Ward has failed to provide any evidence confirming that he was employed at AGI for the entire period of

---

[3] Triumph argues that Mr. Ward miscalculated the amount of days he was not able to work, asserting that he missed 19 instead of 18 days between November 8 and December 2, 2011. (R. 56 at 8.) It is clear from Mr. Ward's motion, however, that he is seeking to recover for the weekdays between and including November 9 and December 2. (R. 49 at 1.) Because the TRO was not issued until the afternoon of November 8, it is likely that Mr. Ward worked a full day on November 8 and therefore did not count that day in his calculations.

[4] At a hearing on November 15, 2011, the parties indicated to the Court that AGI was paying Mr. Ward during the period at issue.

[5] After the seven days are deducted from the calculation, Mr. Ward's damages fall below the $10,000 bond. Therefore, the issue of whether the Court should award damages over and above the amount of the bond is moot.

November 9 through December 2, 2011.⁶ The Court declines to award damages to Mr. Ward based solely on his counsel's unsupported assertions. For this reason, the Court will allow an opportunity for Mr. Ward to refile his motion with supporting documentation.⁷

## CONCLUSION

Because Mr. Ward has not sufficiently proved the amount of damages he suffered as a result of the TRO, the Court denies Mr. Ward's motion without prejudice to refile his motion with adequate evidence to substantiate his request for damages by January 11, 2012.

---

⁶ In its brief, Triumph notes its belief that AGI terminated Mr. Ward. (R. 56.) The Court expresses no opinion as to the truth of that assertion, but the possibility of its truth underscores the need for further documentation as to the dates of Mr. Ward's employment with AGI.

⁷ To the extent Triumph responds to Mr. Ward's renewed motion, it should not rehash arguments the Court addresses in this order.